

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2002

# USA v. Sees

Precedential or Non-Precedential:

Docket 1-2418

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Sees" (2002). *2002 Decisions*. Paper 121.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/121

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2418
_____

UNITED STATES OF AMERICA

v.

THOMAS SEES,
                    Appellant

_____

On Appeal from the United States District Court
        for the District of New Jersey
        D.C. Criminal No. 00-cr-00247
        (Honorable Joel A. Pisano)
        _____

Submitted Pursuant to Third Circuit LAR 34.1(a)
            January 17, 2002

Before:  SCIRICA and ROSENN, Circuit Judges, and KANE, District Judge*

            (Filed February 13, 2002)

        *The Honorable Yvette Kane, United States District Judge for the
Middle District of
Pennsylvania, sitting by designation.
                _____

            MEMORANDUM OPINION
                _____

SCIRICA, Circuit Judge.

    This is a sentencing appeal.  Thomas Sees pled guilty in the United
States District
Court for the District of New Jersey to a superseding information charging
that on

October 27, 1999, he knowingly and intentionally used a communication facility (a telephone) to facilitate the distribution and the possession with intent to distribute methamphetamine, a felony under 21 U.S.C. 841(a)(1), in violation of 21 U.S.C. 843(b). On appeal, Sees contends the District Court erred in failing to grant a downward departure under U.S.S.G. 5K2.0 based on extraordinary post-offense rehabilitation.

"We lack jurisdiction to review a refusal to depart downward 'when the district court, knowing it may do so, nonetheless determines that departure is not warranted.'" United States v. Sally, 116 F.3d 76, 78 (3d Cir. 1997) (quoting United States v. McQuilkin, 97 F.3d 723, 729 (3d Cir. 1996)). At sentencing, the District Court explicitly articulated more than once that it had the power to depart from the Guidelines based on defendant's post-offense rehabilitation efforts. The court framed the issue before it as whether it should "exercise the discretion that I recognize I have in order to make a downward departure" on the basis of post-offense rehabilitation. (App. 62). The District Court's recognition of its authority in this regard also was reflected in the court's willingness to hear testimony concerning defendant's post-offense rehabilitation, and in the court's discussion with counsel concerning whether to depart in view of the facts of this particular case. The District Court decided, however, that defendant's post-offense conduct was not "so exceptional" as to warrant a downward departure from the Guidelines.

As a result, we lack jurisdiction to review the District Court's refusal of a downward departure in this matter. The appeal is dismissed for lack of jurisdiction.


TO THE CLERK:

        Please file the foregoing opinion.


                              /s/ Anthony J. Scirica
                               Circuit Judge

DATED:  February 13, 2002